*United States Bankruptcy Court*
*District of New Jersey*
*Clarkson S. Fisher Federal Building*
*United States Courthouse*
*402 East State Street*
*Trenton, New Jersey 08608*

*Hon. Kathryn C. Ferguson, USBJ*                                                                                       *(609) 858-9351*

January 2, 2014

Susan Johnston, Esquire
Daniel Brett Sullivan, Esquire
Weinstein, Pinson & Riley P.S.
14 Penn Plaza, Suite 1407
New York, New York 10122

Louis Adler, Esquire (appearing for)
Lee M. Perlman, Esquire
1926 Greentree Road, Suite 100
Cherry Hill, New Jersey 08003

                                                               Re:    Lynne M. Guenot (Case No. 11-37501)

                                                                       Lynne M. Guenot vs. Candica LLC and
                                                                       Weinstein & Riley PS
                                                                       Adversary No. 12-1748

                                                                       Motion for Summary Judgment to
                                                                       Dismiss Complaint
                                                                       (Document #17)

Dear Counselors:

      On November 6, 2013, the court took oral argument on a motion for summary judgment by Candica LLC and Weinstein & Riley PS ("Defendants") and reserved decision. The court had previously denied Defendants' motion to dismiss the complaint.[1] The following is the court's proposed findings of fact and conclusions of law on the motion for summary judgment.

---

[1] The Defendants twice incorrectly state in their papers that the court denied the motion to dismiss without stating the reasons. On November 28, 2012, the court read a detailed oral opinion into the record that addressed each count of the complaint and cited extensive law in support of the ruling. Kenneth Jannette, Esq. appeared at that hearing on behalf of the Defendants.

Federal Rule of Civil Procedure 56(a) provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] In undertaking this analysis, the court must view the facts in the light most favorable to the non-moving party.[3] "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party."[4] While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial."[5]

The complaint alleges that the Defendants filed a proof of claim in this chapter 13 case for a debt that had been discharged in Ms. Guenot's Chapter 7 case. The complaint alleges that the filing of the proof of claim: 1) violated the discharge injunction [Count One]; 2) violated the Fair Debt Collection Practices Act [Count Two]; constituted an unconscionable business practice in violation of the New Jersey Consumer Fraud Act [Count Three]; and 4) violated the New Jersey Truth-in-Consumer Contracts, Warranty and Notice Act [Count Four].

The uncontested facts in this matter demonstrate that Ms. Guenot scheduled a credit card obligation owed to Barclay's Bank in the amount of $5,404 in her 2011 Chapter 7 case. During the Chapter 7 case, Barclay's Bank sold the debt to Candica. Candica did not file a notice of appearance in the Chapter 7 case, and did not participate in the case. Ms. Guenot received her discharge on April 21, 2011. Five months later, Ms. Guenot filed this Chapter 13 case. Weinstein & Riley filed a proof of claim on behalf of Candica in the amount of $5,868.29. Weinstein & Riley withdrew the proof of claim in September 2013, and Candica received no payments on account of its claim.

The Defendants first argument is that this court lacks subject matter jurisdiction over the alleged post-petition violations of the FDCPA and New Jersey consumer protection statutes. They argue that other bankruptcy courts have dismissed a debtor's post-discharge[6] claims under similar statutes based on a lack of subject matter jurisdiction.[7] Analysis of the bankruptcy court's jurisdiction necessarily begins with 28 U.S.C. § 1334.[8] That section provides that the bankruptcy courts, through the district court, have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."[9] Matters arising under title 11 are known as "core" bankruptcy matters. The claims in Counts Two through Four do not arise under title 11, and do not invoke any substantive right created by the Bankruptcy Code. Therefore, for this court to have jurisdiction over those claims it would have to be "related to" jurisdiction. A matter is "related to" a Chapter 11 case if it "could conceivably

---

[2] Fed. R. Civ. P. 56(a)
[3] Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010)
[4] Id. at 268
[5] Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986)
[6] It should be noted that this is a Chapter 13 case so a discharge is not issued until the completion of all plan payments. See, 11 U.S.C. § 1328
[7] See, e.g., Torres v. Chase Bank USA, N.A., 367 B.R. 478 (Bankr. S.D.N.Y. 2007); Johnson v. Valley Credit Services, Inc., 2007 WL 1166017 (Bankr. N.D. W. Va. 2007)
[8] See, Belcufine v. Aloe 112 F.3d 633,636 (3d Cir. 1997)
[9] 28 U.S.C. § 1334(b)

have any effect on the estate being administered in bankruptcy".[10] In Belcufine, the Third Circuit further defined the "related to" test as whether the outcome of the case "could alter the Debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate".[11]

The Defendants are correct that the filing of the proof of claim occurred after the bankruptcy was filed. But their conclusion that "[c]laims arising post-petition are not property of the estate" is incorrect.[12] The crucial fact the Defendants are missing is that this is a Chapter 13 case not a Chapter 7 case. All of the cases the Defendants cite in their brief involved Chapter 7 cases, and thus the analysis is of little assistance in this matter. In Chapter 13 cases, all property that the debtor acquires after the commencement of the case but before it is closed, dismissed or converted is property of the estate.[13] Inarguably, prevailing on these causes of action would have an impact on the estate by increasing the amount of money available to fund the plan, thus passing the Belcufine test for "related to" jurisdiction. The court finds that it has subject matter jurisdiction to hear this adversary proceeding.

The next argument is that the FDCPA and state law based claims are pre-empted by the Bankruptcy Code. The Third Circuit recently addressed this issue and concluded that "there is no categorical preclusion of the FDCPA claims" in bankruptcy.[14] The Simon court found that the proper inquiry is whether the state law claim "raises a direct conflict between the Code or Rules … or whether both can be enforced."[15] The Simon case did not involve the filing of a proof of claim, so the Third Circuit did not directly address the situation the court faces here. But based on § 501 and Rule 3001, the court finds that allowing debtors to object to a claim by filing a complaint based on consumer protection laws instead of using the claims process in the bankruptcy court creates a direct and irreconcilable conflict. This court agrees with the reasoning expressed in In re Chaussee[16] and Simmons v. Roundup Funding, LLC[17] that attempting to reconcile the multitude of consumer protection laws with the Bankruptcy Code leads to confusion and multiplied costs. That is why numerous courts have concluded that the Bankruptcy Code preempts state law claims that are based on allegations that the defendant violated a provision of the Bankruptcy Code.[18] The court believes that failing to recognize preemption in the claims objection context invites confusion.

A perfect example of the confusion appears in the Plaintiff's own papers. Plaintiff argues that she suffered damages in the amount of $5,868.29, despite the fact that those damages are illusory because Candica did not receive any payments on its proof of claim. The Plaintiff

---

[10] Pacor v. Higgins, 743 F.2d 984 (3d Cir. 1984)
[11] Belcufine, 12 F.3d at 636
[12] Memorandum of Law in Support of Defendants' Motion for Summary Judgment at 8
[13] 11 U.S.C. § 1306
[14] Simon v. FIA Card Services, N.A., 732 F.3d 259, 274 (3d Cir. 2013)
[15] Id.
[16] 399 B.R. 225 (9th Cir. B.A.P. 2008)
[17] 622 F.3d 93 (2d Cir. 2010)
[18] See, e.g., In re Abramson, 313 B.R. 195 (Bankr. W.D. Pa. 2004). Under Simon v. FIA Card Services, N.A., 732 F.3d 259, 274 (3d Cir. 2013), the Abramson court's blanket finding of preemption is no longer appropriate; however, this court finds that in the limited instance of an objection to a proof of claim based on § 524 that the Bankruptcy Code and rules must trump incompatible state and federal consumer protection laws.

argues that the New Jersey Supreme Court has made clear that under the Consumer Fraud Act a victim of consumer fraud does not have to actually pay the illegal sums to proceed with a claim, it is sufficient that the damages merely be ascertainable.[19] Given the remedial purpose of the Consumer Fraud Act that analysis makes sense, but the claims process in bankruptcy is not designed to punish fraudulent activity.  Additionally, a violation of § 524 requires a finding of "actual" damages rather than merely ascertainable damages, and that sets up the type of direct conflict that preemption is designed to prevent.

Therefore, the court finds that when the allegations in a complaint are based on violations of the Bankruptcy Code, as the allegations are here[20], that the Bankruptcy Code preempts the Fair Debt Collection Practices Act; the New Jersey Consumer Fraud Act; and the New Jersey Truth-in-Consumer Contracts, Warranty and Notice Act.  Therefore, the court will grant summary judgment in favor of the Defendants and dismiss Counts Two, Three and Four.

The sole remaining count is Count One, which alleges that the Defendants violated the discharge injunction by filing a proof of claim on a discharged debt and should be sanctioned.  Upon the filing of a petition in bankruptcy, the provisions of § 362(a) take effect and prohibit a creditor from commencing or continuing any action against the debtor, without first seeking relief from the bankruptcy court. Once the discharge has been issued, § 524(a)(3) replaces the automatic stay with a permanent injunction.[21] The Miller case held that a creditor who willfully violated the permanent injunction could be sanctioned in the same way as a creditor who willfully violated the automatic stay.  Because § 524 does not contain its own sanctions provisions, courts use the powers provided in §105 to punish a violation of the discharge injunction.[22]

Accordingly, the court will apply the same analysis to Count One as it would if it were premised on § 362(k).  Section 362(k) provides that an injured individual may recover "actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages."[23] The statute itself is clear – the damages must be "actual" not merely ascertainable as is the case under the CFA.  As the court has already discussed, there are no actual damages here.  The Chapter 13 Trustee did not make any payments on account of the proof of claim.  The Defendants have shown by competent evidence that no payments were received and that the disputed proof of claim has been withdrawn.  The burden now shifts to the Plaintiff to show "that there is a genuine issue for trial."[24] Under the new procedures for summary judgment motions, Rule 56(c) specifies that to dispute a fact, a party "must support the assertion by … citing to particular parts of materials in the record, including depositions, documents electronically stored information, affidavits or declarations …."[25] The Plaintiff has

---

[19] Bosland v. Warnock Dodge, 197 N.J. 543 (2008)
[20] The only violation of these consumer protection laws that the Debtor alleges is that the Defendants violated 11 U.S.C. § 524 by filing the proof of claim.  The complaint contains no facts that would support independent causes of action under any of these statutes.  The court's ruling is not intended to address such independent causes of action.
[21] *See*, In re Miller, 19 C.B.C. 712 (Bankr. M.D. Fla. 1988)
[22] Hardy v. United States (In re Hardy), 97 F.3d 1384 (11th Cir. 1996)
[23] 11 U.S.C. § 362(k)
[24] Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986)
[25] Fed. R. Civ. P. 56(c)(1), incorporated by Fed. R. Bankr. P. 7056

not done that.  Because the existence of actual damages is an essential element of a cause of action for a violation of the discharge injunction, the failure to establish damages warrants granting summary judgment in favor of the Defendants.  To the extent there are any damages in this case they are self-created, and the law is clear that self-created damages are not compensable under § 362(k).  The attorneys' fees, since they were created solely in pursuit of this complaint, are also not compensable damages.  In In re Hutchings, the debtor's request for an award of damages pursuant to §362(h) [now § 362(k)] was denied where the debtors were not injured by the alleged stay violation and the only so-called actual damages requested were for wages lost as a result of attending hearings and attorney's fees and costs incurred solely in connection with prosecution of action for damages.[26]

Finally, to the extent the Plaintiff was relying on emotional distress to establish damages, the allegations in the complaint fall short of the evidentiary standard required to establish that. The complaint alleges that "[a]s a result of the Defendants' attempt to collect on the previously-discharged debt, Plaintiff endured emotional distress."[27]  Accepting that allegation as true, this court allowed Count One to survive the Defendants' motion to dismiss.  Different standards apply on a motion for summary judgment; there is no longer a presumption that all statements in the complaint are true.  The Debtor has not come forward with any evidence to support this allegation, such as a certification from a medical professional.[28]  Section 362(k) requires a finding of actual injury.[29]  Being "upset" does not warrant compensation under § 362(k).[30]  The Debtor's emotional distress, to the extent it existed, also suffers from the same self-created problem as the attorney's fees.  Unlike a demand letter or a phone call directly to a debtor from a creditor or collection agency, a debtor has no reason to be aware of the filing of a proof of claim. If Ms. Guenot was aware that Candica had filed a proof of claim it could only be because her attorney told her about it in order to file this complaint.  Had her attorney chosen to call Candica's counsel and ask them to withdraw the claim, then perhaps the Debtor's emotional distress could have been avoided.

## Conclusion

Summary judgment is granted in favor of the Defendants on Count One.  Counts Two through Four are dismissed.  Defendants' counsel should submit a form of order in accordance with this opinion.  The adversary proceeding will be closed.

*/s/ Kathryn C. Ferguson*
KATHRYN C. FERGUSON
US Bankruptcy Judge

---

[26] 348 B.R. 847 (Bankr. N.D. Ala. 2006)
[27] Complaint at para. 21
[28] In re Diviney, 211 B.R. 951 (Bankr. N.D. Okla. 1997)
[29] In re Hutchings, 348 B.R. 847 (Bankr. N.D. Ala. 2006) ("the general rule of law is that absent some out-of-pocket injury or some extreme and on-going misconduct by the creditor, fees and costs will not be allowed under §362(h).")
[30] Dawson v. Washington Mutual Bank (In re Dawson), 390 F.3d 1139 (9th Cir. 2004)